IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert B. Bannon<br>            Debtor | CHAPTER 13 |
| JPMorgan Chase Bank, N.A.<br>            Movant<br>vs. | NO. 17-15757 ELF |
| Robert B. Bannon<br>            Debtor<br>Kathleen Bannon<br>            Co-Debtor | 11 U.S.C. Section 362 and 1301 |
| William C. Miller, Esq.<br>            Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtors' residence is **$3,196.12,** which breaks down as follows;

Post-Petition Payments:   September 15, 2017 in the amount of $794.99, October 15, 2017 in the amount of $823.93, November 15, 2017 in the amount of $798.35, and December 15, 2017 in the amount of $811.15

Suspense Balance from Payment Change:    $32.30

**Total Post-Petition Arrears      $3,196.12**

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Within thirty (30) days of the filing of this Stipulation, Debtor(s) shall file an Amended Chapter 13 Plan to include post-petition arrears of $3,196.12 in addition to the pre-petition arrearage total of $3,152.47 as set forth in Movant's Proof of Claim filed December 15, 2017;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $3,196.12 along with pre-petition arrears for a total amended arrearage claim of $6,348.59;

c). The 410A Proof of Claim form shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the January 15, 2018 post-petition payment and each regular monthly payment thereafter, Debtor(s) shall pay to Movant the regular ongoing monthly mortgage

payment on or before the fifteenth (15th) day of each month in the amount set forth according to the Notices of Mortgage Payment Change filed by Movant for this HELOC loan.

4. Should Debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event Debtor(s) fail to timely amend the Chapter 13 Plan in accordance with the terms set forth under Section 2 above and/or in the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

R. Bannon - # 17-15757

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 15, 2017

/s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date: 12/27/17

Brad J. Sadek, Esq.
Attorney for Debtor(s)

Date: 12/28/2017

William C. Miller, Esq.
Chapter 13 Trustee

*without prejudice to any trustee rights or remedies

**ORDER**

**NO OBJECTION**

Approved by the Court this 2nd day of January 2018, . However, the court retains discretion regarding entry of any further order.

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**